**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____

GILBERT MANNING, :
: Civ. No. 18-11884(RMB)
       Petitioner :
:
v. : **OPINION**
:
WARDEN, FCI FORT DIX, :
:
       Respondent :
_____:

**BUMB, United States District Judge**

Petitioner, Gilbert Manning, an inmate incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed a habeas petition under 28 U.S.C. § 2241, seeking credit against his federal sentence for prior custody from March 27, 2012 to March 3, 2014. (Pet., ECF No. 1.) Respondent filed an answer, opposing habeas relief. (Answer, ECF No. 7.) Petitioner filed a reply. (Reply, ECF No. 8.) For the reasons discussed below, the Court dismisses the habeas petition.

I.    BACKGROUND

On July 25, 2006, Petitioner was sentenced in the United States District Court, District of New Mexico to a 60-month term of imprisonment for Conspiracy to Violate 21 U.S.C. § 841(b)(1)(A)

(Declaration of J.R. Johnson,[1] ("Johnson Decl.") Attach. 1, ECF No. 7-4 at 2.) Upon completion of a Residential Drug Abuse Program, Petitioner was released from the District of New Mexico sentence on November 7, 2008. (Johnson Decl., Attach. 2, ECF No. 7-4 at 8.)

Petitioner was arrested by the Federal Drug Enforcement Agency ("DEA") on March 30, 2012, on charges of marijuana distribution. (Id., Attach. 3, ECF No. 7-4 at 12-13; Attach. 4, ECF No. 7-4 at 15-16.) As a result of Petitioner's arrest, the U.S. District Court for the Southern District of Illinois issued a Petition for Warrant or Summons for Offender under Supervision. (Id., Attach. 4, ECF No. 7-4 at 16.)

The next month, on April 26, 2012, Petitioner was sentenced in the United States District Court, Southern District of Illinois, to a 24-month term of imprisonment for a supervised release violation ("SRV") stemming from Case Number 1:05-cr-01599 in the District of New Mexico. (Id., Attach. 5, ECF No. 7-4 at 18-20.)

The Bureau of Prisons ("BOP") computed Petitioner's SRV sentence, commencing on April 26, 2012, the date imposed. (Id., Attach. 6, ECF No. 7-4 at 24.) Petitioner was given prior custody credit from March 30, 2012, the date of his arrest, through April 25, 2012, the day before his SRV sentence commenced. (Id. at 25.)

---

[1] J.R. Johnson is a Correctional Programs Specialist with the Federal Bureau of Prisons Designations and Sentence Computation Center in Grand Prairie, Texas. (Johnson Decl., ¶1, ECF No. 7-3 at 1.)

2

Petitioner's projected sentence satisfaction date was December 25, 2013, and Petitioner completed his 24-month sentence on that date. (Johnson Decl., Attach. 6, ECF No. 7-4 at 25.) Petitioner, however, remained in custody pending disposition of the new charges resulting from his arrest by DEA agents on March 30, 2012. (Johnson Decl., ¶9, ECF No. 7-3; Attach. 7, ECF No. 7-4 at 27-30.)

On March 4, 2014, Petitioner was sentenced in the United States District Court, Southern District of Illinois, in Case Number 3:12-CR-30330, to a 210-month total term of imprisonment followed by an eight-year term of supervised release, for conspiracy to distribute and possess with intent to distribute marijuana, and distribution of marijuana. (Id., Attach. 8, ECF No. 7-4 at 32-37.) In August 2015, Petitioner's sentence was reduced to a 168-month term of imprisonment. (Id., Attach. 10, ECF No. 7-4 at 43.) The BOP updated Petitioner's sentence computation to reflect the sentence reduction to 168-months, commencing on March 4, 2014. (Id.) If Petitioner receives all good conduct time available, his projected release date is March 8, 2026. (Id.)

## II. THE PETITION, ANSWER AND REPLY

### A. The Petition

Petitioner alleges the BOP refused to grant prior custody credits against his federal sentence for March 27, 2012 through March 3, 2014, as intended by the sentencing court under U.S.S.G. § 5G1.3(c) and Application Note 3(c). (Pet., ECF No. 1, ¶13.) He

3

seeks relief under 28 U.S.C. § 2241 because he challenges the BOP's execution of his sentence. (Pet., ECF No. 1, ¶10(c)).

In a memorandum of law in support of his petition, Petitioner asserts that prior to September 11, 2013, he was presented with two distinct plea agreements in Criminal Case No. 3:12-CR-30330. (Petr's Mem., ECF No. 1 at 12.) The first plea agreement contained the following language:

> pursuant to U.S.S.G. Section 5G1.3(c) and Application Note 3(c), the Government and the Defendant agree that the Defendant's undischarged term of imprisonment resulting from his revocation of supervised release should run concurrently with the sentence for the instant matter.

(Petr's Mem., ECF No. 1 at 12; Ex. A, ECF No. 1 at 31-39.) The second plea agreement presented to Plaintiff did not contain the above language. (Pet., ECF No. 1 at 12; Ex. A, ECF No. 1 at 41-49.)

Petitioner entered into a plea agreement on September 11, 2013, which did not contain language regarding U.S.S.G. § 5G1.3(c). (Pet., ECF No. 1 at 12; Ex. A, ECF No. 1 at 51-55.) Petitioner contends that it was the sentencing court's intention to provide him prior custody credit from March 30, 2012 through March 4, 2014 because the first plea offer specifically mentioned it. (Petr's Mem., ECF No. 1 at 13.) Petitioner acknowledges there was no direction by the sentencing court pertaining to § 5G1.3(c), but by granting concurrent sentences, he argues that the sentencing court

4

intended to impose retroactively concurrent sentences beginning March 30, 2012. (Petr's Mem., ECF No. 1 at 13.)

   B.   The Answer

Respondent argues that the petition should be denied for two reasons: (1) Petitioner failed to exhaust his administrative remedies; and (2) the BOP correctly calculated his sentence. (Answer, ECF No. 7 at 9, 12.) As to the first point, Respondent asserts that Petitioner was required to complete the BOP's Administrative Remedy Program by properly filing an appeal with the Central Office after it rejected Petitioner's appeal twice on procedural grounds. (Answer, ECF No. 7 at 11.) On July 19, 2016, the Central Office rejected Petitioner's appeal because it was not legible and it failed to state a reason for the appeal, and it gave Petitioner fifteen days to refile. (Id.; see also Pet., Exs. A-D, ECF No. 1 at 15-25.) Respondent asserts that the petition should be dismissed as procedurally defaulted by Petitioner's failure to complete the administrative remedy process. (Answer, ECF No. 7 at 11.)

On the merits of Petitioner's habeas claim for relief, Respondent argues that, pursuant to 18 U.S.C. § 3585(a), the BOP properly determined that Petitioner's 210-month sentence on Count 1 and 120-month sentence on Count 4, to be served concurrently, began on March 4, 2014. (Answer, ECF No. 7 at 13.) Respondent further contends Petitioner was not serving any other federal

5

sentence on March 4, 2014 because his 24-month SRV sentence had expired. (Answer, ECF No. 13.)

Respondent maintains that Petitioner was awarded all of the prior custody credit he was due. Petitioner was arrested on the offenses at issue here on March 30, 2012. (Id. at 14-15.) He was sentenced to a 24-month term of imprisonment on April 27, 2012 for violation of supervised release. (Id. at 15.) All prior custody credit for March 30, 2012 through April 26, 2012 was credited against Petitioner's 24-month SRV sentence, which expired on December 25, 2013. (Id.) Pursuant to 18 U.S.C. § 3585(b), the BOP cannot award "double credit" for time spent in detention before federal sentencing. (Id. at 14.) Petitioner remained in custody after expiration of his SRV sentence, but he was awarded prior custody credit against his 2014 sentence in the Southern District of Illinois for the period of December 25, 2013 through March 3, 2014. (Id. at 15.)

Finally, Respondent asserts that U.S.S.G. § 5G1.3(c) is not relevant here because Petitioner's SRV sentence was discharged before Petitioner's sentence for the present offenses was imposed. (Id. at 15-16.) Further, Respondents note that application note 4 of § 5G1.3 and U.S.S.G. § 7B1.3(f) recommend that a sentence for violation of supervised release run consecutive to any other term of imprisonment. (Answer, ECF No. 7 at 16.)

C. The Reply

In reply to Respondent's argument that Petitioner failed to exhaust his administrative remedies, Petitioner asserts that he has not received a response from "Grand Pra[i]rie, TX on a Nun Pro Tunc for relief sought in federal sentence computation of Case # 3:12-cr-30094-001 DHR and Case # 3:12-cr-30330-DHR1 for time running concurrently, originally signed in the plea agreement." (Reply, ECF No. 8 at 1.)

III. DISCUSSION

An inmate's challenge to how his sentence is executed is properly brought under 28 U.S.C. § 2241. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005).

A. Exhaustion of Administrative Remedies

A petitioner's failure to exhaust all stages of the prison's administrative remedy program is a proper basis for dismissal of a habeas petition under 28 U.S.C. § 2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). If an inmate failed to exhaust administrative remedies before filing a habeas petition and is procedurally barred from doing so, review on the merits of the petition is barred by procedural default. Id. at 761-62.

The Bureau of Prisons has an administrative remedy program applicable to all inmates designated to a BOP operated institution, for the purpose of allowing inmates to seek formal review of an issue relating to any aspect of his/her confinement. 28 C.F.R. §

542.10. To complete the program and exhaust administrative remedies, an inmate must take the following steps: (1) attempt informal resolution; (2) submit a formal written Administrative Remedy Request; (3) appeal to the Regional Director; and (4) appeal to the General Counsel in the Central Office. 28 C.F.R. §§ 542.13-15. There are deadlines for filing and specific forms and formats that must be used, and there is an opportunity for extension of time and for resubmission of deficient filings. Id. at §§ 542.13-542.19.

Petitioner reached the final step of the administrative remedy program by filing an appeal to the General Counsel in the Central Office. However, his appeal was not legible and failed to state a reason for the appeal. (Declaration of Tara Moran[2] ("Moran Decl.") ¶8, ECF No. 7-1; Ex. 2, ECF No. 7-2 at 13.) Petitioner was given 15 days to resubmit the appeal, but he never did so. (Id.)

Procedural default can be avoided if a petitioner shows cause to excuse the default and that actual prejudice will result from default. Moscato, 98 F.3d at 762. Petitioner seeks to avoid procedural default because he continues to seek administrative relief on the BOP's alleged sentence computation error. (Reply, ECF No. 8 at 1.) Petitioner asserts that he has not received a

---

[2] Tara Moran is a Legal Assistant with the Bureau of Prisons at FCI Fort Dix. (Moran Decl., ¶1, ECF No. 7-1 at 1.) As part of her official duties, she has access to BOP files maintained in the ordinary course of business. (Id.)

8

response from the BOP in Grand Prairie, Texas on his request for "Nun Pro Tunc for relief sought in federal sentence computation of Case "3:12-cr-30094-001 DHR and Case # 3:12-cr-30330-DHR1 for time running concurrently, originally signed in the plea agreement." (Reply, ECF No. 8 at 1.)

Petitioner's request for a *nunc pro tunc* designation of a state correctional facility for service of a federal sentence[3] is not the same argument presented in this petition, that the sentencing court intended to adjust a federal sentence to achieve a retroactively concurrent sentence on an undischarged term of imprisonment. Compare U.S.S.G. 5G1.3(c) with Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The claim raised in the present petition is procedurally defaulted because Petitioner did not complete the final step of the BOP's administrative remedy procedure before filing the present petition, and it is now too late for him to do so. The Court will dismiss the petition as procedurally defaulted but will also address the merits of the petition in the alternative.

---

[3] Petitioner's circumstances do not seem to fit within the line of cases permitting a *nunc pro tunc* designation because Petitioner was not in a state correctional facility on the days for which he seeks prior custody credit. See e.g. Harris v. Bureau of Prisons (BOP) Federal, 787 F. Supp. 2d 350, 359 (W.D. Pa. Apr. 4, 2011).

9

B.  The BOP's Computation of Petitioner's Federal Sentence

The BOP is charged with computing the term of a federal sentence. U.S. v. Wilson, 503 U.S. 329, 331 (1992). In granting prior custody credit, the BOP is guided by 18 U.S.C. § 3585(b), which provides:

> Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> That has not been credited against another sentence.

Section 3585(b) prohibits the BOP from awarding prior custody credit for any time that has been credited against any other sentence. Wilson, 503 U.S. at 337. Although § 3585(b) prohibits the BOP from awarding such prior custody credit, the BOP must implement the sentence imposed by the court under the sentencing guidelines. Rios v. Wiley, 201 F.3d 257, 264 (3d Cir. 2000) superseded by statute as stated in Holloman v. Warden Fairton FCI, 635 F. App'x 12 (3d Cir. 2015)). "Generally, the sentencing court must apply the Guidelines Manual in effect at the time of sentencing." United States v. Bertoli, 40 F.3d 1384, 1403 (3d Cir.

1994). If the BOP failed to implement the sentence imposed by the sentencing court under the Sentencing Guidelines, the petitioner may be entitled to habeas corpus relief under 28 U.S.C. § 2241. Rios, 201 F.3d at 270–71.

The Third Circuit has explained how courts should review sentencing court's statements when a habeas petitioner challenges the BOP's interpretation of the sentencing court's intent.

> In interpreting a sentencing court's statements, we "inspect[ ] ... the sentencing transcript as well as the judgment the sentencing court entered." *Rios,* 201 F.3d at 265. When a sentencing court's oral sentence and its written sentence "are in conflict," the oral sentence prevails. *United States v. Faulks,* 201 F.3d 208, 211 (3d Cir.2000). However, when there is no conflict between the oral and written statements, but rather only ambiguity in either or both, we have recognized that the controlling oral sentence "often [consists of] spontaneous remarks" that "are addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of all the surrounding law." *Rios,* 201 F.3d at 268 (citation omitted). In interpreting the oral statement, we have recognized that the context in which this statement is made is essential.

Ruggiano v. Reish, 307 F.3d 121, 133–34 (3d Cir. 2002).

B. Analysis

The sentencing court used the 2013 United States Sentencing Commission Guidelines Manual,[4] in effect at the time of sentencing.

---

[4] Available at https://www.ussc.gov/guidelines/guidelines-archive/2013-federal-sentencing-guidelines-manual.

11

<u>U.S. v. Manning</u>, Criminal Action No. 12-30330-DRH-1 (S.D. Ill. Mar. 4, 2014) (Sentencing Tr., ECF No. 184 at 82.)[5] U.S.S.G. § 5G1.3, Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment, provided:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

---

[5] Available at www.pacer.gov.

> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Application Note 3(C) stated:

> (C) Undischarged Terms of Imprisonment Resulting from revocations of Probation, Parole or Supervised Release.—Subsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of §7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

The sentencing court found that Petitioner's total offense level was 35, and his criminal history score was five, resulting in a Guidelines range of 210-262 months in prison. U.S. v. Manning, Criminal Action No. 12-30330-DRH-1 (S.D. Ill. Mar. 4, 2014) (Sentencing Tr., ECF No. 184 at 83-86.) The Government asked for a low-end Guidelines range sentence. (Id. at 86.) The sentencing court stated that it saw no reason to vary from the Guidelines. (Id. at 92-93.) The sentencing court imposed the following term of imprisonment:

> The Court, having considered all the information in the presentence report, including the guideline computations and the

> factors set forth in 18 United States Code, Section 3553(a), and pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant, Gilbert Manning, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 210 months on Count 1, 120 months on Count 4, all to be served concurrently.

U.S. v. Manning, Criminal Action No. 12-30330-DRH-1 (S.D. Ill. Mar. 4, 2014) (Sentencing Tr., ECF No. 184 at 94.) Section 5G1.3 was never raised at sentencing nor was the issue of prior custody credit. Id. (Sentencing Tr., ECF No. 184.) In the Judgment, the sentencing court wrote, "210 months as to Count 1 and 120 months as to Count 4 of the Superseding Indictment, to be served concurrently." Id. (Judgment, ECF No. 162 at 2.)

It is not surprising that the sentencing court did not discuss Section 5G1.3 when sentencing Petitioner because it was not applicable. Petitioner was not serving an undischarged term of imprisonment when he was sentenced on March 4, 2014 because his SRV sentence had expired on December 25, 2013. In any event, Application Note 3(C) to § 5G1.3, in effect when Petitioner was sentenced, recommended imposing a sentence consecutive to an undischarged SRV sentence. Thus, it does not help Petitioner.

Petitioner relies on a draft of a plea agreement to infer the sentencing court's intent to award him prior custody credit under § 5G1.3. The first draft of a plea agreement in Criminal Case No. 12-30330-DHR-1 contained language referring to prior custody

credit under § 5G1.3. The plea agreement that Petitioner later signed did not contain this language. Even if it had, the sentencing court would not have been bound to it. The Plea Agreement executed on September 11, 2013 stated:

> The Government agrees to recommend a sentence and fine at the low end of the range ultimately found by the Court. The Government and the Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a), but agree not to seek a sentence outside the applicable Guideline range. The agreement by the parties to not seek a variance from the Guidelines is not binding upon the Court or the United States Probation Office, and the Court may impose any sentence authorized by law. … The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

U.S. v. Manning, Criminal Action No. 12-30330-DRH-1 (S.D. Ill. Mar. 4, 2014) (Sentencing Tr., ECF No. 184 at 94.)

Section 5G1.3(c) was inapplicable to Petitioner when he was sentenced on May 4, 2014, and there is no indication in the record that the sentencing court in Criminal Action No. 12-30330-DHR-1 intended to sentence Petitioner in a manner that would give him prior custody credit for the period of March 27, 2012 through March 3, 2014.

IV. CONCLUSION

For the reasons discussed above, the habeas petition is dismissed as procedurally defaulted. In the alternative, the Court would deny the petition on the merits.

An appropriate Order follows.


Dated: August 14, 2019

                                         s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **United States District Judge**